JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Jason R. Vener, SBN: 267941
    E-mail: jvener@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:    (818) 888-7540
Facsimile:    (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINH T. TRAN, an Individual Doing Business as ALLFORMAC-SOLUTIONS; KHANG D. DAO, an Individual Doing Business as ALLFORMAC-SOLUTIONS; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 3:15-cv-4252<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114 / Lanham Act §32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN / FALSE OR MISLEADING ADVERTISING / UNFAIR COMPETITION [15 U.S.C. §1125(a) / Lanham Act §43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. §1125(c)];**<br>**(4) FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. §501(a)]; and**<br>**(5) UNLAWFUL / UNFAIR / FRAUDULENT BUSINESS PRACTICES [California Business & Professions Code §17200].**<br><br>**[DEMAND FOR JURY TRIAL]** |

/ / /

/ / /

Plaintiff ADOBE SYSTEMS INCORPORATED (hereinafter "Plaintiff") hereby files its Complaint for Damages against Defendants LINH T. TRAN, an individual doing business as ALLFORMAC-SOLUTIONS (hereinafter "LINH T. TRAN"), KHANG D. DAO, an Individual doing business as ALLFORMAC-SOLUTIONS (hereinafter "KHANG D. DAO"), and DOES 1-10, Inclusive collectively "Defendants").

## PARTIES

1. Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in San Jose, California.

2. Plaintiff is informed and believes that Defendants LINH T. TRAN and KHANG D. DAO, are now, and were at the time of the filing of this Complaint and at all intervening times, individuals residing in Santa Clara County, California.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

4. Plaintiff further alleges that Defendants LIHN T. TRAN, KHANG D. DAO, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants LIHN T. TRAN, KHANG D. DAO, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION

6. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark

1    infringement, false designation of origin/false or misleading advertising/unfair competition and
2    dilution under the Lanham Act (15 *U.S.C.* §1051 *et seq.*), and copyright infringement under 17
3    U.S.C. §501(a).

4        7.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and
5    1338 (a)(b).

6        8.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because, on
7    information and belief, a substantial part of the events or omissions giving rise to the claim
8    occurred in this judicial district, and has caused damages to Plaintiff in this district.

9        9.    This Court has personal jurisdiction over Defendants since Defendants have
10   committed acts of infringement and unfair competition in this district and Defendants have
11   sufficient minimum contacts with this district to such that the exercise of jurisdiction over
12   Defendants by this Court does not offend traditional notions of fair play and substantial justice.
13   Among other things, Defendants have advertised, offered to sell and sold unauthorized and
14   counterfeit software products that infringe the trademarks and copyrights of Plaintiff within the
15   State of California. Also, Defendants reside within this judicial district.

16       10.    Personal jurisdiction exists over Defendants because on information and belief,
17   Defendants conduct business in California and in this judicial district, have purposefully directed
18   action to California and this district, or have otherwise availed themselves of the privileges and
19   protections of the laws of the State of California, such that this Court's assertion of jurisdiction
20   over Defendants does not offend traditional notions of fair play and due process.

21       11.    Additionally, supplemental jurisdiction exists over Defendants because, on
22   information and belief, Defendants conduct business in California and in this judicial district,
23   and have purposefully directed action to California and this district, or have otherwise availed
24   themselves of the privileges and protections of the laws of the State of California, such that this
25   Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play
26   and due process.

27   / / /
28   / / /

**INTRADISTRICT ASSIGNMENT**

12. Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("Civil L.R.") and the Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a district wide-basis.

13. Assignment to the San Jose Division would nonetheless be appropriate pursuant to Civil L.R. 3-2(e) because a substantial part of the events that give rise to Plaintiff's claims against Defendants occurred in Santa Clara County, California, where Plaintiff's principal place of business is located.

**GENERAL ALLEGATIONS**

**Plaintiff and its Famous ADOBE® Software Products**

14. Plaintiff is a global leader in developing and distributing innovative computer software. Its products and services offer developers and enterprises tools for creating, managing, delivering and engaging with compelling content across multiple operating systems, devices and media. The software industry is competitive, and Plaintiff undertakes great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its software products to consumers. Software piracy undermines Plaintiff's investment and creativity, and misleads and confuses consumers.

15. The success of Plaintiff's ADOBE® and CREATIVE SUITE® products and services is due in part to Plaintiff's marketing and promotional efforts. These efforts include advertising and promotion through Plaintiff's websites, print and other internet-based advertising, among other efforts. Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its ADOBE® and CREATIVE SUITE® products, services and marks.

16. The success of the ADOBE® CREATIVE SUITE® software and other products and services related thereto is not due to Plaintiff's promotional efforts alone. Rather, the popularity of ADOBE® is also due in part to consumers, and the word of mouth buzz consumers have generated.

17. As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the promotion and word of mouth buzz, the ADOBE® and CREATIVE SUITE® marks and the ADOBE® CREATIVE SUITE® software, products, and services have been prominently placed in the minds of the public. Consumers, purchasers and the members of the public have become familiar with the Plaintiff's software and other products and services, and have come to recognize the ADOBE® and CREATIVE SUITE® marks, products and services and associate them exclusively with Plaintiff – Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the ADOBE® and CREATIVE SUITE® marks are famous in the United States.

18. While Plaintiff has gained significant common law trademark and other rights in its ADOBE® and CREATIVE SUITE® products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

19. Plaintiff has secured registrations for its ADOBE® and CREATIVE SUITE® trademarks with the United States Patent and Trademark Office. A non-exhaustive list of Plaintiff's trademark registrations is attached hereto as **Exhibit A**.

20. Similarly, Plaintiff's ADOBE® software is copyrightable subject matter, and Plaintiff has secured registrations for its copyrightable ADOBE® CREATIVE SUITE® software, among others, with the United States Copyright Office. A non-exhaustive list of Plaintiff's copyright registrations is attached hereto as **Exhibit B**.

21. Particularly in light of the success of Plaintiff and Plaintiff's products as well as the reputation they have gained, Plaintiff and its products have become targets for unscrupulous individuals and entities who wish to take a free ride on both the goodwill, reputation and fame Plaintiff has spent considerable effort to build up in its products and marks, and the works embodied in Plaintiff's software products.

/ / /

/ / /

**Defendants' Wrongful and Infringing Conduct**

22. Particularly in light of the success of Plaintiff and Plaintiff's products as well as the reputation they have gained, Plaintiff and its products have become targets for unscrupulous individuals and entities who wish to take a free ride on both the goodwill, reputation and fame Plaintiff has spent considerable effort to build up in its products and Adobe's Trademarks, and the works embodied in Plaintiff's software products.

23. A large number of these individuals and entities have pirated and counterfeited Plaintiff's software products. Their actions vary and include manufacturing, copying, importing, advertising, promoting, selling, and distributing counterfeit products. Other infringing activity consists of taking counterfeit or illegal copies of Plaintiff's software and installing or copying the illicit copies of the software onto personal computers, both desktop and laptop models, which are then sold to the public. The purchaser of the computer is under the mistaken belief that Plaintiff's software installed on the computer is genuine, when in fact it is an illegal reproduction and counterfeit software.

24. Plaintiff investigates and enforces its intellectual property rights against such illegal activity and, through such efforts, has learned of Defendants' illicit actions in producing and distributing counterfeit copies of Plaintiff's software. On November 7, 2014, while examining possible infringing auctions on the electronic marketplace known as eBay, Plaintiff purchased an Apple Macbook laptop computer marketed as containing ADOBE®-branded software from Defendants' "allformac-solutions" eBay.com seller account. The suspect product was purchased at a cost of $980.95 charged to the PayPal electronic payment account of Plaintiff's investigator. A true and correct copy of the PayPal Transaction Details form is attached hereto as **Exhibit C**.

25. The laptop computer purchased by Plaintiff's investigator was examined by Plaintiff and the purported ADOBE programs contained thereon were analyzed. The analysis revealed that the laptop computer acquired from Defendants contained counterfeit and unauthorized copies of beta versions Plaintiff's software.

26. At times, Plaintiff will distribute pre-release or beta versions of its ADOBE®-Branded Software. Beta software does not represent the final version of a product and is not intended for general, commercial distribution. Beta software may not be resold, pursuant to Plaintiff's Software License Agreement as well as the License Agreement for Pre-release Software. Beta software is provided free of charge to select consumers or "testers" and may include bugs, errors and other problems that could cause system or other failures and data loss. By accepting the beta software, testers agree that all copies of beta software will be returned or destroyed upon the earlier of Plaintiff's request or upon Plaintiff's commercial release of such software.

27. On information and belief, Defendants made such unauthorized copies of Plaintiff's software. Defendants' actions violate Plaintiff's exclusive rights in its trademarked and copyrighted material, and their use of images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Adobe's Trademarks. Defendants' conduct and use began long after Plaintiff's adoption and use of Adobe's Trademarks, after Plaintiff obtained the copyright and trademark registrations alleged above, and after Plaintiff's marks became famous. Indeed, Defendants had knowledge of Plaintiff's ownership of Adobe's Trademarks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion and dilute Plaintiff's marks. Neither Plaintiff nor any authorized agents have consented to Defendants' use of Adobe's Trademarks or copyrights.

28. Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

29. In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiff by (i) infringing and diluting Plaintiff's rights in Adobe's Trademarks; (ii) infringed Plaintiff's copyrights; (iii) applying counterfeit marks; (iv) misleading the public into believing

there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (v) using false designations of origin on or in connection with its goods and services; (vi) committing unfair competition; (vii) and unfairly profiting from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks Against Defendants LINH T. TRAN d/b/a ALLFORMAC-SOLUTIONS, KHANG D. DAO d/b/a ALLFORMAC-SOLUTIONS and Does 1-10, inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

30. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-29.

31. Plaintiff has continuously used its ADOBE® and CREATIVE SUITE® marks in interstate commerce since at least as early as 1993.

32. Plaintiff, as the owner of all right, title and interest in and to the ADOBE® and CREATIVE SUITE® marks, has standing to maintain an action for trademark infringement under the Trademark Statute 15 U.S.C. §1114.

33. Defendants are and at the time of their actions complained of herein were actually aware that Plaintiff is the registered trademark holder of the ADOBE® and CREATIVE SUITE® marks (*see* non-exhaustive list of Plaintiff's trademark registrations attached hereto as **Exhibit A**).

34. Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially distribute, market and sell ADOBE® CREATIVE SUITE® Professional software products bearing Plaintiff's ADOBE® and CREATIVE SUITE® marks into the stream of commerce.

35. Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering,

advertising, promoting, retailing, selling, and distributing counterfeit ADOBE® CREATIVE SUITE® Standard software bearing the ADOBE® and CREATIVE SUITE® marks.

36. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered CREATIVE SUITE® and ADOBE® marks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit CREATIVE SUITE® software bearing the CREATIVE SUITE® and ADOBE® and marks.

37. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

38. Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

39. Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the ADOBE® and CREATIVE SUITE® marks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

40. Defendants' continued and knowing use of Plaintiff's marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114. Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin / False or Misleading Advertising / Unfair Competition Against Defendants LINH T. TRAN d/b/a ALLFORMAC-SOLUTIONS, KHANG D. DAO d/b/a ALLFORMAC-SOLUTIONS, and Does 1-10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

41. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-40.

42. Plaintiff, as the owner of all common law right, title, and interest in and to the ADOBE® and CREATIVE SUITE® marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125). Plaintiff's ADOBE and CREATIVE SUITE marks are inherently distinctive and/or have acquired distinctiveness.

43. Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the ADOBE® and CREATIVE SUITE® marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

44. Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's mark.

45. On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

46. Defendants knew or, by the exercise of reasonable care, should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's marks would cause

confusion, mistake, or deception among purchasers, users and the public.

47. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine ADOBE® CREATIVE SUITE® software.

48. Defendants' continuing and knowing use of Plaintiff's mark constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

49. Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its CREATIVE SUITE® product in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seeks an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

50. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

**THIRD CAUSE OF ACTION**

**(Dilution Against Defendants LINH T. TRAN d/b/a ALLFORMAC-SOLUTIONS, KHANG D. DAO d/b/a ALLFORMAC-SOLUTIONS, and Does 1-10, Inclusive)**

**[15 U.S.C. §1125(c)]**

51. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-50.

52. Plaintiff's ADOBE® and CREATIVE SUITE® marks are distinctive and famous within the meaning of the Lanham Act.

53. Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's mark. Defendants' conduct is willful, wanton and egregious.

54. Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine CREATIVE SUITE® software. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and its marks.

55. Defendants' acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

56. As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Federal Copyright Infringement Against LINH T. TRAN d/b/a ALLFORMAC-SOLUTIONS, KHANG D. DAO d/b/a ALLFORMAC-SOLUTIONS, and Does 1-10, Inclusive)**

**[17 U.S.C. §501(a)]**

57. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-56.

58. Plaintiff is the exclusive owner of copyrights in and related to its ADOBE® CREATIVE SUITE® software products and possesses copyright registrations with the United States Copyright Office relating to the same.

59. Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

60. Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected works by offering, advertising, promoting, retailing, selling, distributing counterfeit ADOBE® CREATIVE SUITE® software which are at a minimum substantially similar to Plaintiff's copyright protected works (*see* non-exhaustive list of Plaintiff's copyright registrations attached hereto as **Exhibit B**).

61. Defendants' acts as alleged herein, constitute infringement of Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

62. Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendants LINH T. TRAN d/b/a ALLFORMAC-SOLUTIONS, KHANG D. DAO d/b/a ALLFORMAC-SOLUTIONS, and Does 1-10, Inclusive)**

[*California Business & Professions Code* **§17200** *et seq.*]

63. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-62.

64. By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit CREATIVE SUITE product, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the California Business and Professions Code §17200 *et seq*.

65. Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit CREATIVE SUITE product is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss,

1 damage and injury to Plaintiff and to the purchasing public. Defendants' conduct was intended
2 to cause such loss, damage and injury.

3     66. Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

    67. By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff's in its marks.

    68. Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

    69. Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

    70. Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above. Plaintiff seeks injunctive relief.

    71. Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

WHEREFORE, Plaintiff ADOBE SYSTEMS INCORPORATED, prays for judgment against Defendants LINH T. TRAN d/b/a ALLFORMAC-SOLUTIONS, KHANG D. DAO d/b/a ALLFORMAC-SOLUTIONS, and Does 1-10, inclusive, and each of them, as follows:

A. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

B. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

C. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

D. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

E. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademark pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to the rendering of final judgment;

F. In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b), for statutory damages pursuant to 17 U.S.C. §504(c), which election Plaintiff will make prior to the rendering of final judgment;

G. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

H. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

I.  For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

J.  For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

K.  For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118 and 17 U.S.C. §503;

L.  For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

M.  For damages in an amount to be proven at trial for unjust enrichment;

N.  For an award of exemplary or punitive damages in an amount to be determined by the Court;

O.  For Plaintiff's reasonable attorney's fees;

P.  For all costs of suit; and

Q.  For such other and further relief as the Court may deem just and equitable.

DATED:  September 17, 2015                JOHNSON & PHAM, LLP

By: __/s/Christopher Q. Pham_____
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Jason R. Vener, Esq.
Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

**DEMAND FOR JURY TRIAL**

Plaintiff ADOBE SYSTEMS INCORPORATED respectfully demands a trial by jury in this action pursuant to Civil L.R. 3-6(a).

DATED: September 17, 2015            JOHNSON & PHAM, LLP

By: __/s/Christopher Q. Pham_____
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Jason R. Vener, Esq.
Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED